**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4006**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEVIN DARNELL GUY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00144-NCT-1)

Submitted:  July 10, 2013              Decided:  July 18, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Guy appeals from his conviction entered pursuant to his guilty plea to felon in possession of a firearm and forty-six-month sentence. Counsel has filed an Anders v. California, 386 U.S. 738 (1967), brief questioning whether Guy's sentence was greater than necessary to accomplish the sentencing purposes of 18 U.S.C. § 3553(a) (2006), but concluding that Guy's sentence is reasonable and there are no meritorious issues for review. Neither Guy nor the Government has filed a brief. We affirm.

Guy did not object to the revised pre-sentence report (PSR) calculating a Sentencing Guidelines range of 37-46 months. The probation officer recommended a sentence in the middle of the Guidelines range. Counsel argued for a sentence below the middle of the range. He argued that Guy had a difficult childhood, losing his brother and grandmother in a house fire when he was four years old, spending time in foster care, he was not "reunited" with his mother until age eleven, was introduced to marijuana at age eight, and has since struggled with substance abuse. Counsel also argued that Guy's possession of firearms was due to his perceived need for self protection.

The district court noted that Guy cannot seem to stay away from firearms. The court recounted the five firearms-related convictions in Guy's criminal history and that

2

five months after his most recent release, he had once again been arrested on a firearms charge. The court also noted that Guy violated the terms of his probation in several ways and that he had other pending criminal charges. The court stressed that the only way to protect the public was to impose a high-end sentence. The court specifically considered that Guy had a particularity traumatic childhood, but the need to protect the public weighed more heavily in the court's consideration. The court ultimately imposed a 46-month sentence.

We review Guy's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of significant procedural error, the court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated

3

Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that there is no procedural error and the record does not include any sentencing factors that would overcome the presumption that Guy's within-Guidelines sentence is reasonable. The court clearly considered Guy's arguments for a sentence below the middle of the Guidelines range and considered its obligation to fashion a sentence that accomplishes the purposes set out in § 3553(a).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Guy's conviction and sentence. This court requires that counsel inform Guy, in writing, of the right to petition the Supreme Court of the United States for further review. If Guy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Guy.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>